UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**BLAINE WERNER,**

**Plaintiff,**

**v.** **Case No. 26-CV-0673**

**VILLAGE OF RANDOM LAKE and PATRICK DEPIES,**

**Defendants.**

---

## DECISION AND ORDER

---

This action is before the court on the defendants' motion to dismiss.[1] The court presumes the facts set forth below, which are taken from the amended complaint, to be true. *Gruber v. Creditors' Prot. Serv.*, 742 F.3d 271, 274 (7th Cir. 2014).

### 1. Facts and Procedural History

At the motion to dismiss stage the court accepts all well-pled facts as true and so summarizes the following facts from the plaintiff's amended complaint. In 1977 plaintiff Blaine Werner began working for the Village of Random Lake (Random Lake) as a

[1] Two motions to dismiss are pending on the docket. (ECF Nos. 7, 14.) Accordingly, because the filing of the amended complaint (ECF No. 13) moots the first motion to dismiss (ECF No. 7), the first motion to dismiss is denied as moot. *See Long v. Bergstrom Victory Lane, Inc.*, No. 18-CV-688, 2018 WL 4829192 at *1, 2018 U.S. Dist. LEXIS 171750 at *1–2 (E.D. Wis. Oct. 4, 2018).

firefighter with the Random Lake Fire Department (the Fire Department). (ECF No. 13, ¶ 7.) Between 2018 and 2019 Werner reported safety violations within the Fire Department. (*Id.*, ¶ 21.) These reports incited retaliation directed at Werner. (*Id.*, ¶ 21.) In 2020, after Werner submitted an open records request, he was placed on administrative leave. (*Id.*, ¶¶ 22–23.)

In January 2021 Werner ran for fire chief, which subjected him to additional retaliation. (ECF No. 13, ¶ 25.) In September 2021 formal disciplinary charges were filed against Werner, and a hearing was held pursuant to Wis. Stat. § 62.13(5). (*Id.*, ¶ 26.) The charges were withdrawn, and in May 2022 Werner signed a settlement agreement that agreed to reinstate him to his former position with the Fire Department. (*Id.*, ¶¶ 26–28.)

Following the settlement agreement, Werner was not fully reinstated to his position. (ECF No. 13, ¶ 29.) In November 2022 a meeting was held between Werner, fire chief Patrick Depies, two assistant chiefs and others to discuss Werner's return to the Fire Department. (*Id.*, ¶ 31.) Following the meeting, Depies asserted that Werner had resigned from the Fire Department. (*Id.*, ¶ 31.) On December 14, 2022, Depies sent Werner a letter stating Werner had resigned. (*Id.*, ¶ 33.)

In January 2023 Werner formally requested a due process hearing pursuant to Wis. Stat. § 62.13(5). (ECF No. 13, ¶ 35.) In March 2023 Depies stated that the prior characterization of Werner's departure as a resignation had been a "mistake." (*Id.*, ¶ 36.)

Depies required Werner to undergo a fitness-for-duty examination to return to work, which was conducted on May 8, 2023. (ECF No. 13, ¶¶ 37–38.) A written report of the examination results was produced. (*Id.*, ¶ 38.) The report was designated as confidential and stated that it was protected by federal and state law. (*Id.*, ¶ 38.) On July 14, 2023, without Werner's permission, Depies emailed Wener's fitness-for-duty report to multiple Random Lake firefighters who did not possess a valid professional reason for access to Werner's medical information. (*Id.*, ¶ 39.) Depies intentionally disclosed Werner's confidential psychological exam to embarrass and humiliate him; the disclosure served no legitimate government purpose. (*Id.*, ¶ 42.)

After unsuccessful attempts to schedule meetings regarding Werner's return to the Fire Department, Depies sent Werner a letter on August 24, 2023, again stating that Werner had resigned. (ECF No. 13, ¶¶ 45–48.) In response, Werner demanded a hearing pursuant to Wis. Stat. § 62.13(5). (*Id.*, ¶ 49.) On September 8, 2023, Random Lake Village President San Felippo[2] sent Werner a letter stating that "neither the Police and Fire Commission or the Village Board have jurisdiction under Wisconsin State Statute 62.13 to hold a public hearing pursuant to your request." (*Id.*, ¶¶ 49–51.)

Werner filed this action alleging violations of 42 U.S.C. § 1983, including violations of procedural due process against Depies and Random Lake (Count I), substantive due

[2] The amended complaint does not include San Felippo's first name, so the court will refer to him only as San Felippo.


Case 2:26-cv-00673-WED Filed 11/06/26 Page 3 of 18 Document 18

process and the right to informational privacy against Depies (Count II), and a *Monell* claim against Random Lake (Count III). (ECF No. 13, ¶¶ 72–96.)

Defendants moved to dismiss all of Werner's claims based on an expiration of the statute of limitations, lack of subject matter jurisdiction, and failure to state a claim upon which relief can be granted. (ECF No. 15; Fed. R. Civ. P. 12(b)(1), (6).) All parties have consented to the full jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (ECF Nos. 4, 10.) The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

**2. Motion to Dismiss Standard**

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "'Plausibility' in this context does not imply that the district court should decide whose version to believe, or which version is more likely than not." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

At the motion to dismiss stage, the court "must assume the well-pleaded factual allegations in the complaint are true." *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 195

(2024). Legal conclusions are not presumed to be true and must be supported by factual allegations. *Iqbal*, 556 U.S. at 679.

## 3. Analysis

### 3.1. Statute of limitations

Section 1983 does not have a statute of limitations. Federal courts apply the state law that is "most analogous and most appropriate" to the Section 1983 action. *Owens v. Okure*, 488 U.S. 235, 239 (1989). Random Lake and Depies contend that the three-year limitations period from Wis. Stat. § 893.53 applies to Werner's Section 1983 claims. (ECF No. 15 at 6.) Although Werner does not expressly acknowledge that his claims are subject to a three-year limitations period, he does not suggest an alternative statute of limitations. (*See* ECF No. 16 at 10.)

Defendants argue that any acts occurring before April 17, 2023 (three years before the date the complaint was filed) are time-barred, which should result in the dismissal of "any alleged acts or claims stated under Headings B-H in the Amended Complaint." (ECF No. 15 at 7.) Werner argues that the facts set forth in his Amended Complaint that pre-date April 17, 2023, merely provide context for his claims, all of which are based on events that occurred after April 17, 2023. (ECF No. 16 at 11.) Defendants reply that Werner's claims are "specifically based, in part, on time-barred conduct." (ECF No. 17 at 4.)

"A motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of *parts* of claims; the question at this stage is simply whether the complaint includes

factual allegations that state a plausible claim for relief." *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) (emphasis in original).

For a procedural due process claim, "the statute of limitations tends to run when the plaintiff has a 'complete and present cause of action.'" *Reed v. Goertz*, 598 U.S. 230, 235 (2023). A procedural due process claim is "'complete' only when 'the state fails to provide due process.'" *Id.* at 236 (citing *Zinermon v. Burch*, 494 U.S. 113, 126 (1990)). The statute of limitations therefore only begins to run when the state deprivation is complete. *Id.*

Werner's procedural due process claim was only complete when Village President San Felippo informed him on September 8, 2023, that he would not be provided a hearing. *See Reed*, 598 U.S. at 236 (concluding that the state deprivation was complete when state litigation completed and the denial of DNA testing was final). The substantive due process claim rests on Depies's July 2023 email containing Werner's psychological assessment. (ECF No. 13, ¶¶ 38–39, 82–87.)

As for Werner's *Monell* claim, it accrues when a plaintiff knows or has reason to know of the constitutional violation and that municipal action caused the harm. *Cielak v. Nicolet Union High Sch. Dist.*, 112 F.4th 472, 477–78 (7th Cir. 2024). Werner's amended complaint alleges three bases for *Monell* liability. (ECF No. 13, ¶¶ 92–94.) The first is that Village President San Felippo acted as final policy maker when he made a "formal, written decision" with his September 8, 2023, letter to deny Werner a hearing. (ECF No. 13, ¶ 92.) Second, Werner pleads that Random Lake allowed Depies to make

unilateral personnel decisions, which established a custom and practice sufficient for *Monell* liability. (ECF No. 13, ¶ 93.) The amended complaint alleges a pattern, from December 2022 until August 2023, sufficient to be a "well-settled custom and practice." (ECF No. 13, ¶¶ 62, 93.) Third, Werner alleges that Random Lake ratified Depies's unconstitutional conduct in November 2022 and September 2023. (ECF No. 13, ¶ 94.) All these events accrued within the limitations period.

Because all of Werner's claims accrued after April 17, 2023, none of them are time-barred.

**3.2. Procedural due process**

Werner alleges a procedural-due-process claim under the Fourteenth Amendment against both defendants. (ECF No. 13, ¶¶ 72–80.) He claims that he had a constitutionally protected property interest in his continued employment. (*Id.*, ¶ 74.) Werner argues that in January and September of 2023 he was denied the procedural protections that Wis. Stat. § 62.13(5) guarantees, including written charges, notice, and a hearing. (*Id.*, ¶ 75.)

"A procedural-due-process violation occurs when there has been: '(i) [a] deprivation by state action of a protected interest in life, liberty, or property, and (ii) inadequate state process.'" *Sherwood v. Marchiori*, 76 F.4th 688, 694 (7th Cir. 2023) (alternation in original) (quoting *Reed*, 598 U.S. at 235).

### 3.2.1. Property interest

Defendants argue that Werner had no property interest in continued employment because he was considered to have resigned his position. (ECF No. 15 at 9.) Werner responds that characterizing his departure as a "resignation" does not defeat his procedural due process claim because that characterization *is* the constitutional violation; a public employee has a constitutionally protected interest in continued employment when state law or an employer's rules limit the employer's ability to terminate employees at will. (ECF No. 16 at 12-13.) Defendants reply that there is no statutory property interest when an employee resigns and there is no factual dispute that "Werner understood the Village considered him to have resigned his employment." (ECF No. 17 at 4–5 (footnote omitted).)

"For public employees, a 'protected property interest in employment can arise from a state statute, regulation, municipal ordinance, or an express or implied contract.'" *Bradley v. Village of Univ. Park*, 929 F.3d 875, 882 (7th Cir. 2019). "Section 62.13(5)(em) provides (among other things) that a subordinate may not be removed by the board of fire…commissioners based on charges filed by the board, members or the board, an aggrieved person or the chief unless the board determines whether there is 'just cause' to sustain the charges." *Donahue v. Vill. of Elm Grove*, No. 21-CV-765, 2024 WL 1243741 at *7 n.6, 2024 U.S. Dist. LEXIS 51166 at *22 n.6 (E.D. Wis. Mar. 22, 2024).

Just as the employer in *Breuder v. Board of Trustees of Community College District No. 502*, 888 F.3d 266, 270 (7th Cir. 2018), could not conclude that an employment contract was invalid to avoid providing process when it was subject to legitimate debate, defendants cannot summarily conclude that Werner resigned because it is subject to legitimate debate.

Werner plausibly pleads a property interest in his continued public employment.

**3.2.2. Inadequate state process**

Defendants also argue that Werner's procedural due process claim fails to allege inadequate state remedies provided by a mandamus or certiorari action pursuant to Wisconsin Statutes Chapters 783 and 68, respectively. (ECF No. 15 at 9.) Werner responds that an adequate state remedy only defeats a procedural due process claim when the deprivation results from a random, unauthorized act that the state could not have predicted in advance. (ECF No. 16 at 13.) According to Werner, decisions by final policymakers are not random and unauthorized acts. (*Id.* at 14.) Because the Village President acted with final policymaking authority when he denied Werner a hearing, Werner does not have to plead that there were no adequate postdeprivation state remedies. (*Id.*) Defendants reply that Werner does not clearly plead who is vested with final policymaking authority. (ECF No. 17 at 7.)

In *Parratt v. Taylor*, 451 U.S. 527 (1981), and *Hudson v. Palmer*, 468 U.S. 517 (1984), the Supreme Court

> held that a deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim, unless the State fails to provide an adequate postdeprivation remedy. The Court in those two cases reasoned that in a situation where the State cannot predict and guard in advance against a deprivation, a postdeprivation tort remedy is all the process the State can be expected to provide, and is constitutionally sufficient.

*Zinermon*, 494 U.S. at 115.

"In situations where the State feasibly can provide a predeprivation hearing before taking property, it generally must do so regardless of the adequacy of a postdeprivation tort remedy to compensate for the taking. Conversely, in situations where a predeprivation hearing is unduly burdensome in proportion to the [] interest at stake or where the State is truly unable to anticipate and prevent a random deprivation of a liberty interest, postdeprivation remedies might satisfy due process." *Zinermon*, 494 U.S. at 132 (internal citations omitted).

Having said that,

> the Supreme Court has never suggested that the pragmatic but narrow rule of *Parratt* applies to employee due process claims where predepriavation notice and an opportunity to be heard could be provided in a practical way. Public employers' decisions to violate both state and federal procedural requirements have never been treated as grounds to excuse federal due process liability.

*Bradley*, 929 F.3d at 879.

As the Seventh Circuit stated in *Bradley,* "a complaint asserting municipal liability under *Monell [v. New York City Dep't of Social Services*, 436 U.S. 658 (1978),] by definition

states a claim to which *Parratt* is inapposite." 929 F.3d at 879. "In cases alleging due process violations by municipal policymakers, there is no need to inquire separately into whether an employee's actions were 'random and unauthorized.'" *Id*.

Defendants argue that *Bradley* is inapplicable because the parties in *Bradley* agreed that the plaintiff was terminated. (ECF No. 17 at 5.) Although the parties dispute whether Werner was terminated or resigned, the amended complaint alleges Werner was terminated without a hearing. (ECF No. 13, ¶¶ 73–77.).

Defendants never dispute that Werner would have been entitled to a hearing pursuant to Wis. Stat. § 62.13(5) if he had been terminated. Because Werner brings a *Monell* claim against Random Lake, the existence of a writ of mandamus or certiorari are irrelevant to his procedural due process claim against defendants.

Therefore, the defendants' motion to dismiss Werner's procedural due process claims is denied.

**3.3. Substantive due process**

Werner alleges Depies violated his substantive due process rights and his constitutional right to informational privacy. (ECF No. 13, ¶¶ 82–89.) This claim is based upon allegations of protected liberty interest violations for (1) intentionally emailing Werner's confidential psychological report to Random Lake firefighters without a legitimate business reason for doing so and (2) "false and stigmatizing statements

characterizing Werner as having resigned and as having used profanity and refus[ing] to return to duty…." (*Id.*, ¶ 88.)

Depies argues that Werner does not allege a fundamental right or liberty. (ECF No. 15 at 16.) He contends that Werner did not allege what specific medical information was publicly disclosed to establish that it is the type of private information that is protected by substantive due process. (*Id.*) He also argues that Werner did not allege a "public" disclosure of private medical information, or that any firefighter actually read the report sent to them by Depies. (*Id.*)

In response, Werner argues that the report with the results from his fitness for duty examination was confidential and legally protected from disclosure to others. (ECF No. 16 at 19.) He contends that distribution of the report to other firefighters with no need to know of the results served no legitimate purpose. (*Id.* at 19–20). Further, "[a]t the pleading stage, it is a reasonable inference that firefighters who received an email from their Fire Chief containing a colleague's confidential psychological evaluation opened and reviewed it[.]" (*Id.* at 21.)

The Supreme Court has recognized a right to privacy under the Fourteenth Amendment that includes the right "not to have his private affairs made public by the government." *Whalen v. Roe*, 429 U.S. 589, 599 n.24 (1977). The Seventh Circuit has read *Whalen* "to recognize a constitutional right to the privacy of medical, sexual, financial, and perhaps other categories of highly personal information—information that most

people are reluctant to disclose to strangers—and [has] held that the right is defeasible only upon proof of a strong public interest in access to or dissemination of the information." *Wolfe v. Shaefer*, 619 F.3d 782, 785 (7th Cir. 2010).

Werner has sufficiently alleged a Fourteenth Amendment substantive due process claim based on Depies's public disclosure of the results of his psychological fitness for duty examination without his permission. His allegations contain enough factual content to make out a claim for governmental violation of his medical privacy.

Because courts do not dismiss portions of claims at the pleading stage, *BBL, Inc.*, 809 F.3d at 325, the court will not address Werner's "stigma-plus" argument.

Depies's motion to dismiss the substantive due process claim against him is denied.

### 3.4. Municipal liability under *Monell*

Werner alleges a claim for municipal liability against Random Lake under *Monell*, 436 U.S. Municipalities may be liable for a section 1983 violation when the constitutional violation was caused by "(1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Monell*, 436 U.S. at 694–95. A municipality can only be held liable "when execution of [its] policy or custom, whether made by its lawmakers or by those whose edits or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is

responsible for under section 1983." *Id.* at 694. "If the same problem has arisen many times and the municipality has acquiesced in the outcome, it is possible (though not necessary) to infer there is a policy at work." *Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007).

Werner alleges three theories for *Monell* liability. First, Random Lake's Village President acted as a final policymaker when issuing the written denial of Werner's demand for a hearing. (ECF No. 13, ¶ 92.) Second, Random Lake had a custom of allowing Depies to make unilateral personnel choices. (*Id.*, ¶ 93.) And, third, Random Lake ratified Depies's unconstitutional conduct. (*Id.*, ¶ 94.) Any one theory if sufficiently pled results in Werner's *Monell* claim surviving the motion to dismiss.

**3.4.1. Ratification**

Werner alleges that Random Lake "officially adopted" Depies's position that Werner had resigned via the Village President's September 8, 2023, letter that denied Werner a hearing. (ECF No. 13, ¶ 94.) Under this ratification theory, the Village President exposed Random Lake to liability through adopting Depies's position as policy in this letter. (*Id.*) Defendants argue that Werner inadequately pleads an unconstitutional policy because he does not identify a policy that is unconstitutional on its face. (ECF No. 15 at 21.)

The policy Werner pleads Random Lake ratified is "Depies's unconstitutional conduct," i.e., terminating an employee and then claiming the employee resigned to

avoid providing due process. (ECF No. 13, ¶ 94.) Random Lake's written policies identify Wis. Stat. § 62.13(5) as governing terminations. (*Id.*, ¶ 53.) Defendants argue that employees failing to follow policies is insufficient to subject municipalities to liability. (ECF No. 17, at 11.)

To successfully plead the "ratification" theory, a plaintiff must allege that "a municipal official with final policymaking authority approved the subordinate's decision and the basis for it." *Baskin v. City of Des Plaines*, 138 F.3d 701, 705 (7th Cir. 1998). Werner alleges that "[t]he authorized policymakers' approval of Depies' conduct and the basis for it constitutes ratification chargeable to [Random Lake]." (ECF No. 13, ¶ 94.) Werner alleges that the Village President possessed final policymaking authority when he issued the September 8 letter denying Werner a hearing (*Id.*), but he does not allege facts that support this legal conclusion. Bare legal conclusions do not benefit from a presumption of truthfulness. *Iqbal*, 556 U.S. at 678.

However, Werner also alleges that Random Lake deliberately failed to act after receiving evidence that Werner had not resigned and allowed the Village President to deny Werner a hearing. (ECF No. 13, ¶¶ 64–67.) Pleading that the municipality deliberately chose to not act to correct constitutional violations it knew about plausibly pleads liability. *See White v. Whitefish Bay Sch. Bd.*, 24-CV-1076, 2025 WL 1207112 at *11, 2025 U.S. Dist. LEXIS 78888 at *34 (E.D. Wis. Apr. 25, 2025) (allowing a due process claim

to proceed against a municipality when the complaint "alleges the Board deliberately failed to act to correct the violation of [the plaintiff's'] due process rights").

Werner pleads a plausible *Monell* claim. Random Lake's motion to dismiss is denied as to Werner's *Monell* claim.

Werner concedes that the official capacity claim against Depies can be dismissed as redundant when the municipality is a separate defendant. (ECF No. 16 at 2.) Therefore, defendants' motion to dismiss is granted with respect to the official capacity claim against Depies.

**3.5. Qualified immunity**

Depies argues that Werner's due process claims should be dismissed as to him because he is entitled to qualified immunity. (ECF No. 15 at 29.) Werner argues that dismissal on qualified immunity grounds at the pleading stage is appropriate only where the immunity defense is established on the face of the complaint. (ECF No. 16 at 27.)

"Issues of qualified immunity are ordinarily resolved at summary judgment, not on a motion to dismiss." *Huber v. Beth*, 654 F. Supp. 3d 777, 794 (E.D. Wis. 2023) (citing *Roldan v. Stroud*, 52 F.4th 335, 339 (7th Cir. 2022)). Only when a complaint fails to plead a violation of clearly established law may a defendant use qualified immunity to dismiss a complaint. *Hanson v. LeVan*, 967 F.3d 584, 590 (7th Cir. 2020).

The parties disagree about whether the due process violations Werner alleges were "clearly established." (ECF Nos. 15 at 30, 16 at 29.) For an official's act to be clearly

established, it must be apparent to a reasonable official that an action violates the law. *Weinmann v. McClone*, 787 F.3d 444, 450 (7th Cir. 2015).

In 2023 it was clearly established that Werner, as a public employee, had a right to a pretermination hearing. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 545 (1985); *see also Smith v. Milwaukee Cnty.*, 954 F. Supp. 1314, 1320 (E.D. Wis. 1997) (denying qualified immunity protection because "[f]ailing to provide notice and a hearing prior to firing a permanent employee is so obviously a constitutional wrong that a reasonable person would necessarily have known about it"). Depies argues that the law was not clearly established that denying a hearing when an employee was "considered to have resigned" was unconstitutional. (ECF No. 15 at 29–30.)

Allowing qualified immunity to protect Depies from liability would permit officials to intentionally mischaracterize employees' terminations as resignations solely to avoid needing to provide pretermination hearings. Werner pleads that Depies intentionally mischaracterized the end of his employment as a resignation in order to avoid procedural due process protections. (ECF No. 13, ¶ 48.)

Depies also argues that emailing a fitness-for-duty report to "members of the same department" was not clearly established as violating substantive due process rights. (ECF No. 15 at 30.) This singular sentence is not enough to establish that Depies is entitled to qualified immunity from the substantive due process claim. *See Logan v. City of Evanston*, No. 20-C-2736, 2020 WL 6020487 at *8, 2020 U.S. Dist. LEXIS 188625 at *20 (N.D. Ill. Oct.

12, 2020) (denying a motion to dismiss on qualified immunity grounds where the defendant only made conclusory statements that the law was not clearly established).

Because the amended complaint alleges specific facts supporting a plausible constitutional violation, Depies's qualified immunity defense does not warrant dismissal of Count I (procedural due process) or Count II (substantive due process).

**4. Conclusion**

**IT IS THEREFORE ORDERED** that defendants' motion to dismiss (ECF No. 14) is **granted in part and denied in part**. It is granted with respect to Werner's official capacity claim against Depies. It is denied with respect to Werner's procedural due process claim against Random Lake under *Monell* and his procedural and substantive due process claims against Depies.

The Clerk of Court shall schedule a Rule 16 Scheduling Conference in this matter.

Dated at Milwaukee, Wisconsin this 6th day of November, 2026.

William E. Duffin

WILLIAM E. DUFFIN
U.S. Magistrate Judge